## SAUNDERS vs. COFFIN.

1. The judgments aud proceedings of a court are considered *in fieri* until the close of the term at which they are entered. The continuance of a cause may therefore be set aside during the same term, and the parties required to go to trial, if the court is satisfied that no injustice will thereby be done to either of them.

2. The courts of this State cannot order a nonsuit, or compel a plaintiff to take one, without his consent.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

DOUGLAS SMITH, for plaintiff:

1. When a suit is continued and the continuance entered of record, the parties are then discharged from attendance until next term. It is erroneous during same term to proceed to final judgment. Innerarity v. Frowner, 2 Ala. Rep. 150.

2. The court cannot order plaintiff to be non-suited against his consent. Smith's adm'r v. Taylor & Seaton, Min. Rep. 75; Phillips v. Jordan, 3 Stewart, 38; Hunt v. Stewart, 7 Ala. Rep. 525.

3. The cases cited from Price and other English authorities have no application to this case, as those are based upon the ground that the plaintiff did not object to the non-suit. Here the record shews, and the judgment shews, that the plaintiff *expressly objected* to the *forced nonsuit*, and to the setting aside of the continuance. Besides, the practice in this State is different from the English practice. See authorities last quoted.

JEWETT, for defendant:

1. A court may alter or correct a judgment during the same term it is rendered, and may set such judgment aside. Neil v. Caldwell, 3 S. 134; ib. 296; Johnson v. Lattimore, 7 Ala. Rep. 200. The subject of continuance is a matter of discretion with the court below. Shields v. Byrd, 15 Ala. Rep. 822.

2. A plaintiff may be forced to a non-suit when the issue is a matter of law and not of fact. Davis v. Hardy, 6 Barn. & Cress. 225; Ward v. Mason, 9 Price 291.

DARGAN, J.—The record shows that on the 27th day of December 1848, the death of McCullough, one of the defendants, was suggested, and the cause continued by the plaintiff. On the 4th day of January 1849, it being a day of the same term, the following entry was made: "This day came the parties by their attorneys, and on motion of the defendant, the continuance entered in this cause on a former day is set aside, and it is considered by the court, that the plaintiff take a nonsuit, and that the defendant go hence without day and recover of the plaintiff his cost in this behalf expended, to all which the plaintiff objected."

It is contended by the plaintiff in error, that the court erred, 1st. In setting aside the continuance, and 2d, in rendering judgment of non-suit against him, he objecting to it.

It cannot be denied but that a court has the power to amend, correct, or set aside its judgments during the term at which they are rendered. Neal v. Caldwell, 3 Stewart, 134 ; Johnson v. Lattimore, 7 Ala. 200. During the continuance of the term, the judgments and proceedings of the court may be *said to be in fieri*, capable of being amended, altered, or set aside as justice may require, and no reason can be perceived why a continuance of a cause, that may have been improperly entered, may not be set aside and the parties required to go to trial. It may however be remarked, that the Circuit Court should not set aside a continuance already entered, and on a subsequent day of the same term require the parties to go to trial, unless it is satisfied that no injustice will be done either party. It is true that in the case of Dunn and wife v. The Bank of Mobile, 2 Ala. 152, a judgment by default was rendered, and the damages were directed to be assessed at the next term, and the cause was continued; and that afterwards, and during the same term, the damages were assessed and a final judgment awarded. This court held that this was error, because no order was made setting aside the previous continuance. Here however, the continuance was set aside, both parties being present by their attornies, and no injury appears to have resulted to the plaintiff therefrom. We cannot say that this was an error.

2. But we think the court erred in rendering a judgment of non-suit against the wishes of the plaintiff. It is the settled

practice in this State, that the court cannot order a non-suit or compel the plaintiff without his consent to take a non-suit. Hunt, use &c. v. Stewart, 7 Ala. 525; 3 Stewart, 38. It is however contended that when the issue is a question of law, and not of fact, the court may render a judgment of non-suit. We will not stop to enquire whether a court can render a judgment of non-suit without committing error in any supposed case. The record before us does not show what the issue was, or whether there was any issue. There is neither plea nor demurrer on file. A judgment of non-suit rendered by the court under such circumstances against the wishes of the plaintiff, is clearly erroneous.

Let the judgment be reversed, and the cause remanded.