JESSIE SCHUBERT, Respondent, *v.* AUGUST SCHUBERT WAGON COMPANY, Appellant.

(Argued October 15, 1928; decided November 20, 1928.)

*Warnick J. Kernan, Edward J. Burns, Jr.,* and *Willis D. Morgan* for appellant. As against August Schubert individually, who is the husband of plaintiff and who was defendant's servant, plaintiff has or can have no cause of action for personal injuries founded upon his negligence. (*Freethy* v. *Freethy,* 42 Barb. 641; *Longendyke* v. *Longendyke,* 44 Barb. 366; *Schultz* v. *Schultz,* 89 N. Y. 644; *Abbe* v. *Abbe,* 22 App. Div. 483; *Perlman* v. *Brooklyn City R. R. Co.,* 117 Misc. Rep. 353; 202 App. Div. 822; *Newton* v. *Weber,* 119 Misc. Rep. 240; *Allen* v. *Allen,* 246 N. Y. 571.) Plaintiff's cause of action against defendant being secondary to or derived from her cause of action, if any, against

defendant's servant who was driving the automobile, having no cause of action against the servant she can have no cause of action against defendant. (Webb's Pollock on Torts, 99; *Alabama Great Southern R. R. Co.* v. *Ensley T. & S. Co.*, 100 So. Rep. 342; *Horgan* v. *Boston Elevated R. R. Co.*, 208 Mass. 287; *Featherson* v. *President, etc.*, 24 N. Y. Supp. 603; *Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228; *New Orleans, etc., R. R. Co.* v. *Jopes*, 142 U. S. 18; *Hein* v. *Sulzberger & Sons Co.*, 175 App. Div. 465; *Maine* v. *Maine & Sons Co.*, 201 N. W. Rep. 20; *Riser* v. *Riser*, [Mich.] 215 N. W. Rep. 290.) To permit a recovery by plaintiff against the defendant master — having no right of action against the servant husband — would be to suffer, by indirection, a result to which a sound public policy is opposed. (*Longendyke* v. *Longendyke*, 44 Barb. 366; *Newton* v. *Weber*, 119 Misc. Rep. 240; *Perkins* v. *Perkins*, 62 Barb. 531; 2 S. & R. on Neg. [6th ed.] § 242; Cooley on Torts [3d ed.], 255; 2 Thomp. on Neg. 1061; Whart. on Neg. § 246; *Oceanic, etc., Ltd.*, v. *Campania*, 134 N. Y. 461; *Emerson* v. *Weston Seed & Irrigation Co.*, 216 N. W. Rep. 297.)

*James T. Cross* for respondent. A married woman has the right under the New York statute to recover damages from a corporation for the actionable negligence of its servant and employee while engaged in the performance of the business of the corporation, notwithstanding such servant and employee is the husband of the married woman. (Dom. Rel. Law, § 57.) The master's liability arises directly from the negligent act of its servant when the master would be liable for the same act if done by itself. (*Wright* v. *Wilcox*, 19 Wend. 342.)

CARDOZO, Ch. J. Plaintiff while in the highway was struck by the defendant's car and injured. The car causing the hurt was driven by plaintiff's husband, who was then in the defendant's service. His negligence is not disputed. The employer would have been liable if

the servant, the driver of the car, had been a stranger to the plaintiff. The question is whether the rule of liability is different where the servant is the husband.

We have held that a wife may not maintain an action against a husband, nor a husband against a wife, for personal injuries, whether negligent or willful (*Schultz* v. *Schultz*, 89 N. Y. 644; *Allen* v. *Allen*, 246 N. Y. 571; cf. *Thompson* v. *Thompson*, 218 U. S. 611). There is no doubt that this was the rule at common law. *Schultz* v. *Schultz*, decided in 1882, held that the rule had not been changed by the statutes then in force. The disability was reciprocal, affecting the man as well as the woman, and was based upon the common-law doctrine of the merger of their beings in the unity of marriage. The Legislature, confronted by that decision and by others of like tenor (*Abbe* v. *Abbe*, 22 App. Div. 483; *Perlman* v. *Brooklyn City R. R. Co.*, 117 Misc. Rep. 353; 202 App. Div. 822), has left the applicable statutes unchanged in point of substance. We held very recently that in the absence of amendment the rule thus interpreted must be deemed to have survived (*Allen* v. *Allen*, *supra*).

The disability of wife or husband to maintain an action against the other for injuries to the person is not a disability to maintain a like action against the other's principal or master. There are, indeed, decisions to the contrary by courts of other States (*Maine* v. *Maine & Sons Co.*, 198 Ia. 1278; *Riser* v. *Riser*, 240 Mich. 402; *Emerson* v. *Western Seed & Irrigation Co.*, [Mich.] 216 N. W. Rep. 277). We are unable to accept them. True, of course, it is that a master is not liable for the act of his servant under the rule of *respondeat superior* if the act itself was lawful (*New Orleans & N. E. R. R. Co.* v. *Jopes*, 142 U. S. 18; *Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228). A judgment to that effect in an action against the servant may be pleaded as a bar in an action against the master (Freeman on Judgments, vol. 1,

p. 1031, and cases there cited). So, accord and satisfaction, or release, will have the same effect as they have upon joint tort feasors generally (*Horgan* v. *Boston Elevated Ry. Co.*, 208 Mass. 287). But the master is not exonerated when the servant has had the benefit of a covenant not to sue (*Gilbert* v. *Finch*, 173 N. Y. 455; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58), or has set up a discharge in bankruptcy, or has escaped liability upon grounds not inconsistent with the commission of a wrong unreleased and unrequited. No doubt one can gather pronouncements from treatise or decision which, taken from their setting, give color of support for an exemption even wider. They have no such effect when related to context and occasion. Few formulas are meant to serve as universals. A progeny deformed or vicious may be known as illegitimate. Here as elsewhere we are to be on our guard against the perils that are latent in " a jurisprudence of conceptions " (*Hynes* v. *N. Y. C. R. R. Co.*, 231 N. Y. 229, 235).

An employer commits a trespass by the hand of his servant upon the person of another. The act, let it be assumed, is within the scope either of an express mandate or of an implied one. In either event, if the trespass is not justified, he is brought under a distinct and independent liability, a liability all his own. The statement sometimes made that it is derivative and secondary (*Pangburn* v. *Buick Motor Co., supra*), means this and nothing more, that at times the fault of the actor will fix the quality of the act. Illegality established, liability ensues. The defendant, to make out a defense, is thus driven to maintain that the act, however negligent, was none the less lawful because committed by a husband upon the person of his wife. This is to pervert the meaning and effect of the disability that has its origin in marital identity. A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for

the damage. Others may not hide behind the skirts of his immunity. The trespass may be a crime for which even a husband may be punished, but whether criminal or not, unlawful it remains. As well might one argue that an employer commanding a husband to commit a battery on a wife, might justify the command by the victim's disability. The employer must answer for the damage whether there is trespass by direct command or trespass incidental to the business committed to the servant's keeping. In each case the maxim governs that he who acts through another, acts by himself. In all this there is nothing at war with the holding of some cases that the remedy against the husband is denied altogether, and not merely suspended during coverture (*Phillips* v. *Barnet*, 1 Q. B. D. 436). Unlawful the act remains, however shorn of a remedy (*Bennett* v. *Bennett*, 116 N. Y. 584).

We are told that in the long run the consequences of upholding an action against the master may be to cast the burden on the husband, since the master, if not personally at fault, has a remedy over (*Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola*, 134 N. Y. 461; *Wash. Gas Light Co.* v. *Dist. of Col.*, 161 U. S. 316, 327; *Boston, etc., Co.* v. *Kendall*, 178 Mass. 232). The consequence may be admitted without admitting its significance as a determining factor in the solution of the problem. The master who recovers over against the servant does not need to build his right upon any theory of subrogation to a cause of action once belonging to the victim of the injury. A sufficient basis for his recovery is the breach of an independent duty owing to himself. The servant owes the duty to the master to render faithful service, and must answer for the damage if the quality of the service is lower than the standard (*Dun* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214). Loss there must be, not merely liability, before indemnity is due (*Dun* v. *Uvalde Asphalt Pav. Co.*, *supra*, at p. 218; *Gilbert* v. *Wiman*, 1 N. Y. 550;

*Brown* v. *Mechanics & Traders' Bank*, 16 App. Div. 207). The servant shall respond when the master shall have paid.

We find no collision between the principle of liability established in this case and the principle of exemption established in actions against a husband. If such collision, however, could be found, with the result that one or other principle must yield, we agree with HUBBS, P. J., writing in the court below, that the exemption would have to give way as an exception, more or less anomalous, to a responsibility which today must be accepted as the general rule. Domestic Relations Law (Cons. Laws, ch. 14), § 57, is explicit that "a married woman has a right of action for an injury to her person, property or character * * * as if unmarried." By authority and tradition, an exception has been engrafted upon this rule where the husband is defendant. We are not at liberty to extend it by dubious construction.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.