## 26108. BAILEY PRODUCE COMPANY *v.* HARDEN.

*Bussey & Fulcher,* for plaintiff in error.

STEPHENS, P. J. 1. Where the driver of an automobile which was being operated between 25 and 30 miles per hour along a public highway, after having deflected to the left in an effort to overtake and pass an automobile in front of him, going in the same direction, and after observing that he could not overtake the automobile which he was attempting to pass, because of an automobile truck approaching on his left side of the road, which, when he first saw it, was from 125 to 150 feet away, slackened the speed of his automobile for the purpose of pulling back on his right side of the road in the rear of the automobile which he had attempted to pass, but while he was endeavoring to get on his right side of the road in the rear of the preceding automobile, and while a portion of his automobile was slightly over the middle of the road to his left, the approaching automobile truck collided with his automobile by driving the left front wheel of the approaching truck into the left front wheel of his automobile, hurling his automobile to the right side of the road, thereby causing the death of a person riding with him in his automobile; and where the driver of the truck, which was running at an illegal rate of speed, in excess of 40 miles an hour, had full view of the automobile which was wrecked, for a distance of 125 to 150 feet before the collision occurred, and could have avoided the collision by a deflection of his truck to the right "a distance of probably a few inches," and where the paved concrete portion of the roadway at the point of the collision was 20 feet wide, and at that point on the right of the approaching truck of the defendant the shoulders of the road were firm and hard and 6 feet in width and could easily carry and stand the weight of the approaching truck, and there was sufficient space on the concrete pavement and the shoulder

of the road for the driver of the approaching automobile truck, by a deflection to the right "a distance of probably a few inches" to avoid the collision, the time of which was at night and lights on both automobiles were burning,—it was a question of fact for a jury whether the death of the person who was riding in the first automobile was proximately caused by the negligence of the driver of that automobile or the negligence of the driver of the approaching truck. In a suit by the mother of the person who was killed, against the owner of the approaching automobile truck, in which the petition alleged that under the facts stated above the homicide was caused by the negligence of the owner of the automobile truck which was operating it along the road by and through the driver as its agent or servant in pursuit of the business for which he was employed, contained sufficient allegations of negligence of the defendant, proximately contributing to the homicide; and it does not appear as a matter of law that any negligence of the person operating the first automobile in which the deceased was riding was the sole proximate cause of the homicide.

2. While it appears from the allegations of the petition that the plaintiff was dependent on the deceased, who was her son, for support and livelihood, and that the deceased was contributing to her support at the time of his death, it does not appear that the deceased left no wife or child. For this reason alone the petition failed to set out a cause of action in the plaintiff. The court erred in overruling the general demurrer.

*Judgment reversed. Sutton and Felton, JJ., concur.*