Hill, P. J.
Appeal by the City of Troy, “defendant and third party plaintiff” from an order which dismissed its third party complaint against Joseph A. Milstein, “third party defendant.” The City of Troy owns and operates an airport. The third party defendant owner and operator of. an airplane landed at the airport. He did not turn off the *626 motor, the propeller blades continued to revolve, injuring his daughter Beverly E. Milstein, eleven-years old who approached the plane. She, by her mother as guardian ad litem, has brought an action against the City of Troy to recover for damages which it is alleged she sustained. The city has answered and the action between the original parties is at issue, but not tried. The city, as a third party plaintiff, has served a summons and complaint upon the father of the infant plaintiff, alleging that it will be entitled to indemnification from him for any damages which it may hereafter be required to pay to the •plaintiff, and demands judgment “that the ultimate rights of it and the third party defendant between themselves be determined in this action, and that the third party plaintiff have judgment against the third party defendant for any sum or sums which may be recovered against it by the said Beverly E. Milstein or Ida Y. Milstein, or either of them, in the said action instituted by them against the third party plaintiff, as defendant”.
The city, appellant, argues that Fox v. Western New York Motor Lines, Inc. (257 N. Y. 305) does not apply, because the father, third party defendant, alone was actively negligent, and if there was any negligence by the City of Troy in failing to police and supervise the airport to prevent persons from approaching the plane, it was secondary and inactive. That although Sorrentino v. Sorrentino (248 N. Y. 626) would deny the unemancipated daughter a right to recover against her father for his active wrong, the relation between the city and the father, third parties, gives rise to an obligation on behalf of the father to respond to the city for damages, citing Schubert v. Schubert Wagon Co. (249 N. Y. 253, 256-257) where a husband, employee of a corporation injured his wife while negligently driving its motor truck. The wife being denied a right of action against the husband (Allen v. Allen, 246 N. Y. 571), it was decided in the Schubert case that the inhibition did not protect the employer.
Assuming without deciding that appellant city would have a cause of action for recoupment for damages paid to the plaintiff, this action for indemnity is premature, as a right to recover does not accrue until payment has been made by the city. (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214; Satta v. City of New York, 272 App. Div. 782.)
All concur.
Prder affirmed, with $25 costs and disbursements.