### 32568. MATHIS *v.* NELSON.

Decided July 13, 1949.

*Briggs Carson Jr.,* for plaintiff.  *R. D. Smith,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.)  ■  The first question to be decided here is whether or not the plaintiff has affirmatively alleged any act of negligence as the proximate cause of the collision referred to. In this regard, it is doubtful that the mere fact that a tractor and drag machine engaged in working the road is on the left-hand side thereof would be a violation of Code §§ 68-303 or 105-112 relating to motor vehicles passing on the right, as contended. It may often be necessary to work a road machine on the left side of the road, or even in such a position as to completely block the road and, if sufficient precautions were taken to warn approaching motorists, this act could not be deemed actionable.

However, Code § 68-302 requires that every motor vehicle *and tractor* shall be equipped with lamps, which shall throw light a reasonable distance ahead. A violation of this Code section constitutes negligence per se, and it is ordinarily a question for the jury as to whether such negligence is the proximate cause of the injury. See *Bach* v *Bragg Bros. & Blackwell Inc.,* 53 *Ga. App.* 574 (186 S. E. 711). While it might, as a necessary incident to the working of roads, be necessary to proceed otherwise than in the ordinary direction of traffic, there would be no such excuse for failing to have the tractor properly lighted at a time of day when it was still dark.

■  The defendant further contends, on the authority of *Price*

v. *Owen,* 67 *Ga. App.* 58 (supra), that there is no liability on the part of a warden of a public-works camp for the commission of a tort by a person working under his supervision, in the absence of wilfulness, fraud, malice, or corruption on his part. That case simply holds that a warden, in the absence of wilfulness, fraud, malice, or corruption, is not liable *while acting in a discretionary capacity.* The facts of the case showed that the alleged injuries were committed by the acts of convicts who were under the warden's control, and whom he had permitted to roam about without guard. The warden was not present and had no knowledge of the acts at the time, and the only liability which might have been imputed to him was an abuse of a discretionary power.

This case is different in two ways: first, the act here alleged is the performance of a ministerial, rather than a discretionary function, since it involves the actual progress of the work and the manner in which it is performed. "Should the city decide when a street should be opened, closed or repaired, or when a sewer should be built, it is clearly exercising legislative or judicial functions, but when it engages in the work of opening, closing, or repairing a street, or building a sewer, and is thus engaged in the physical execution of the work, it is evidently in the discharge of duties purely of a ministerial nature." *City Council of Augusta* v. *Owens,* 111 *Ga.* 464, 478 (36 S. E. 830). It follows that the actual progress of such work by a local government is of a ministerial character, and that the duties of a road supervisor in carrying out the physical details of the work are likewise ministerial in nature. Likewise, the supervision and control by the road supervisor of a subordinate who is actually running the road machine are of the same character.

Applying this rule, we are compelled to follow the policy of most of the States, which holds that "a public officer is liable for personal injuries resulting from his negligence, where the duty imposed upon him of keeping the streets or highways in repair is ministerial in character and not judicial or discretionary." See Stevens *v.* North States Motor Inc., 161 Minn. 345 (201 N. W. 435, 40 A.L.R. 36).

A motorist upon the public highways of this State has a right

to assume that the road ahead of him is clear, and it may be generally stated that any person responsible for the obstruction of a highway is under the duty to exercise proper care that approaching motorists are warned of such obstruction. *Doby* v. *W. L. Florence Const. Co.*, 71 *Ga. App.* 888 (32 S. E. 2d, 527), and cases cited thereunder.

■ Secondly, this case differs from *Price* v. *Owen,* supra, in that it is alleged that the defendant had actual knowledge of the fact that the employee under his supervision was driving without lights, that he passed the tractor shortly before the accident, and that he did not in any manner correct the situation or instruct the driver to use lights. Such allegations must be taken as true against a general demurrer, and are sufficient to create a jury issue as to whether or not the defendant in point of fact ratified the acts of the driver of the tractor in such manner as to make him personally liable for those acts.

"The rule of respondeat superior does not apply where public officers are sought to be bound by the negligence of subordinate officers or employees, unless there has been a failure to exercise due care in the selection of such subordinates, or the officers have knowledge of the negligent acts of the inferior officers. In other words, their liability or nonliability rests upon their knowledge or lack of knowledge of the negligence of their employees or inferior officers who are actually performing the work, and whether or not they have used due care in selecting competent employees for the work." Strickfaden *v.* Greencreek Highway Dist., 42 Idaho 738 (248 Pac. 456, 49 A.L.R. 1057).

The petition in the instant case is sufficient to show that the defendant had knowledge of the negligence of the employee or inferior officer who was working under his direction. It follows that the petition states a cause of action against the defendant on this theory, and that the trial court erred in sustaining the general demurrer and dismissing the action.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*