33822. STAPLETON *v.* STAPLETON, by next friend, etc.

DECIDED MARCH 7, 1952—REHEARING DENIED MARCH 20, 1952.

*Fulcher & Fulcher, C. Wesley Killebrew,* for plaintiff in error.
*Harris, Chance & McCracken,* contra.

GARDNER, P.J. This is a suit brought by a five-year-old infant, through her father as next friend, against the employer of her mother, alleging that the defendant furnished to the mother as his employee an automobile; that the plaintiff was placed by her mother in the defendant's automobile at a time when the mother was acting as the defendant's agent or servant in the use and operation of this car; and that the mother negligently operated the car and thereby caused the plaintiff to be injured. It is true that an unemancipated child, injured by reason of the negligent operation of an automobile by a parent of the child, cannot in this State recover damages from the negligent parent for such injury. *Bulloch* v. *Bulloch,* 45 *Ga. App.* 1 (163 S. E. 708) ; *Chastain* v. *Chastain,* 50 *Ga. App.* 241 (177 S. E. 828). Such an action would be against the public policy of this State, which is to keep the families intact, and this policy frowns upon proceedings which tend to disrupt the family tranquillity. However, in *Wright* v. *Wright,* 85 *Ga. App.* 721 (70 S. E. 2d, 152), this court has ruled that an unemancipated infant may recover damages of a parent for injuries sustained because of a wilful or malicious tort committed by the parent. The present case does not involve a wilful or malicious wrong or tort committed by the mother upon the plaintiff, her child, but is a case of simple negligence on the part of the mother, resulting in injury to her child. Neither does this case involve a situation where an emancipated child brings an action against the parent to recover for personal injuries caused by the negligence of the parent in the operation of an automobile. See *Fowlkes* v. *Ray-O-Vac Co.,* 52 *Ga. App.* 338 (183 S. E. 210).

From the above authorities, the infant plaintiff, under the allegations of the petition, could maintain no action against her mother for the injuries which she sustained as a result of the mother's negligence in driving this automobile. However, the

present action is not one brought against the negligent parent, but is an action against the employer of the parent, and the allegation is that the child was injured by the negligent operation of said car by the parent-employee, while acting as the agent or servant of the defendant in operating said automobile. "Every person shall be liable for torts committed by . . his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Code, § 105-108. It is under this statute that the present suit is brought. The plaintiff seeks to hold the defendant, the employer or master, liable under the doctrine of respondeat superior. "If the owner of an automobile is sued for damages on account of an injury caused by it while driven by his chauffeur [servant], the rules of law touching master and servant and the liability of the former for the act of the latter are to be applied." *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618). There is no question here of a tort by the servant, where the same had been previously directed by the employer or subsequently ratified by him. "For injuries caused by the negligence of an employee, not directed or ratified by the employer, the employee is liable because he committed the act which caused the injury, while the employer is liable, not as if the act was done by himself, but because of the doctrine of *respondeat superior*—the rule of law which holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business." *Southern Ry. Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103). It is under this doctrine that the infant plaintiff seeks to recover against the master for the injuries sustained by her as a result of the negligent operation of the master's automobile by the servant, who was at the time operating such car as the agent or servant of said defendant, even though the agent or servant of the defendant is the parent of the injured child. The case is one based upon mere negligence of the servant, and not upon any wilful or wanton and malicious act. An unemancipated infant may recover against the employer or its parent for injuries sustained by the infant, due to the negligence of the parent while acting in the service of the employer, although the child could not maintain an action against the parent for the tortious act.

See Chase *v.* New Haven Waste &c. Corp., 111 Conn. 377 (150 Atl. 107, 68 A. L. R. 1497) ; Schubert *v.* August Schubert Wagon Co., 249 N. Y. 253 (164 N. E. 42, 64 A. L. R. 293) ; 1 Restatement of the Law of Agency, sec. 217; Mi-Lady Cleaners *v.* McDaniel, 235 Ala. 469 (179 So. 908, 116 A. L. R. 639, 646), and cit.; Wright *v.* Wright, 229 N. C. 503, 543 (50 S. E. 2d, 540), and cit.

However, it is insisted by able counsel for the plaintiff in error (the defendant here) that under this doctrine, where the servant is held not liable, the employer cannot be held liable for the negligent act. Therefore, counsel argue, if the parent-servant is immune from a suit by the child for an injury caused by the parent's negligence, the employer would not be answerable in damages therefor. This contention is based upon the principle that, if the employee who causes the injury is free from liability therefor, his employer must also be free from liability. See *Southern Ry. Co.* v. *Harbin,* supra; New Orleans &c. R. Co. *v.* Jopes, 142 U. S. 18 (12 Sup. Ct. 109, 35 L. ed. 919). This is a sound principle, but here we do not have a situation where the servant or employee is not liable, because, in an action brought under the doctrine of respondeat superior against the employer and employee jointly, the gravamen of the charge is, and must be, the negligence of the employee, and no recovery can be had unless it be that the employee was negligent. The negligence of the master in such a case is entirely derivative from the servant's negligence. *Roadway Express* v. *McBroom,* 61 *Ga. App.* 223 (6 S. E. 2d, 460), and cit.; *Kalil* v. *Spivey,* 70 *Ga. App.* 84, 90 (27 S. E. 2d, 475).

The Supreme Court of Connecticut, in a leading case, has ruled that an employer is liable to an unemancipated child of an employee for an injury due to the latter's negligence while acting in the service of the employer, notwithstanding that the child could not maintain an action against the parent for the tortious act; and in that case the very contention here urged was made and passed upon, and the court therein held that, if the parent had, by his wrongful or negligent conduct, injured any person other than his child, he would be liable as would the master if such wrong was done while he was engaged in his master's business, that, where the servant in such a case injures his child through his negligent conduct, although the law may deny to the child the right of recovery against the parent, the

liability "of the master must remain until he satisfy it or be by rule of law relieved from the liability for his servant's wrong," that a "trespass, negligent or wilful upon the person" of a child "does not cease to be an unlawful act," though the law exempts the parent "from liability for the damage"; that "others may not hide behind the skirts of his [the parent's] immunity," and "the employer must answer for the damage, whether there is trespass by direct command, or trespass incidental to the business committed to the servant's keeping," and "in each case the maxim governs that he who acts for another acts by himself"; and that "this argument disregards the inescapable fact that the employer is liable for the negligent act of his employee done in his service," and "while public policy may exempt the . . parent from an action by the . . child directly against him for his negligent act, . . there is no rule of law and no public policy which would exempt the employer," the two actions being totally "dissimilar." Chase *v.* New Haven &c. Corp., supra, 68 A. L. R. 1497, 1498, 1499. The Connecticut court in that case followed the ruling made and the reasoning of the New York Court of Appeals in the Schubert case, supra, in which the late Mr. Justice Cardozo, then on the New York court, sponsored the opinion of the court. In that case it was ruled that the master will not be permitted to hide behind the immunity of his servant where the negligence has been committed against the servant's child. See Annotations, 116 A. L. R. 646. The Supreme Court of Alabama in Mi-Lady Cleaners *v.* McDaniel, supra, held that "The immunity of a parent from liability at the suit of an unemancipated minor child for personal injuries resulting from the parent's negligence or wilful wrong does not extend to the parent's employer." Also see Wright *v.* Wright, supra, holding that the minor son of a taxicab driver, injured as a result of an accident while riding in the cab with his father, may recover from the employer of his father for his injuries, although the negligence which proximately caused the child's injury was that of his father, against whom no action could be maintained.

Applying the foregoing principles of law, it is our opinion that the trial court correctly overruled the motion to strike and the general demurrer of the defendant employer to the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*