34654, 34655.  GARNTO *v.* HENSON; and *vice versa.*

DECIDED JUNE 9, 1953.

*E. T. Averett, E. W. Jordan,* for plaintiff in error.

*J. D. Godfrey, Casey Thigpen,* contra.

TOWNSEND, J. ■ Florida not being one of the original thirteen States, and the law of Florida not being pleaded, it is presumed that such law is the same as the statutes and laws in force in this State. *Trustees of Jesse Parker William Hospital* v. *Nisbet,* 189 *Ga.* 807 (1) (7 S. E. 2d 737). Accordingly, for the plaintiff to recover, it is necessary to allege and prove gross negligence on the part of the defendant (*Hopkins* v. *Sipe,* 58 *Ga. App.* 511 (2), 199 S. E. 246); and this degree of negligence does not, according to the defendant's contentions, appear from the petition. As to collisions of motor vehicles resulting between vehicles following one another on a highway as a result of "tailgating"—that is, where the following vehicle is very close upon the one preceding it—it is usually held that the question of whose negligence is the proximate cause of the injury is a jury question. See *Bailey Produce Co.* v. *Harden,* 56 *Ga. App.* 171 (192 S. E. 237); *Eidson* v. *Felder,* 68 *Ga. App.* 188 (2) (22 S. E. 2d 523); *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (2c) (57 S. E. 2d 18). And where, in such cases, it is alleged that the negligence of one of the defendants, or the sole defendant in the suit, was gross, the degree of negligence also is, except in clear and indisputable cases, a jury question. See, in this regard, *White* v. *Boyd,* 58 *Ga. App.* 219 (198 S. E. 81). No two negligence cases are alike in every particular, and each case must stand on its own bottom. This court would be reluctant to hold as a matter of law that to follow a car down a highway at the rapid speed of 55 miles per hour with less than a car-length of distance between the two vehicles (which is far less than the stopping distance required at this speed) would not constitute negligence. Reasonable minds might well disagree as to the degree of negligence shown, under all the facts of the case, and for this reason a jury question is also presented as to whether the negligence, if it exists, is simple or gross. *Georgia Power Co.* v. *Blum,* supra. Nothing to the contrary is held in *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297), or *Townsend* v. *Minge,* 44 *Ga. App.* 453 (161 S. E. 661), cited by the defendant in error, these cases simply holding that the petition was demurrable in that gross negligence was not charged. In *Luxenburg* v. *Aycock,* 41 *Ga. App.* 722 (154 S. E. 460), it was held that the negligence, although it might have been gross, did not contribute to the injury. *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256), and

*Yearwood* v. *Yearwood,* 45 *Ga. App.* 203 (164 S. E. 105), are not at all similar on their facts. The trial court here did not err in overruling the general demurrer to the petition on this ground.

■ A simple direct allegation that the operator, in driving the defendant's family to a designated point in the defendant's automobile, was acting as his agent, is a sufficient allegation of agency. *Conney* v. *Atlantic Greyhound Corp.,* 81 *Ga. App.* 324 (3) (58 S. E. 2d 559). The petition is not demurrable as failing to show an agency relationship. This case differs from *Graham* v. *Cleveland,* 58 *Ga. App.* 810 (200 S. E. 184), cited by the plaintiff in error, in that there the general allegations of agency yielded to specific allegations of fact negativing the relationship of principal and agent.

■ The plaintiff in error further contends that the petition should have been dismissed because it shows on its face that the plaintiff was injured by the act of her husband; that the husband and wife are, in legal fiction, one person, and consequently neither can maintain against the other a civil action based on a tort (*Wright* v. *Wright,* 85 *Ga. App.* 721 (1), 70 S. E. 2d 152; *Carmichael* v. *Carmichael,* 53 *Ga. App.* 663 (1), 187 S. E. 116; *Chastain* v. *Chastain,* 50 *Ga. App.* 241 (3), 177 S. E. 828; Code § 53-501); and that it would be illogical to hold that, although the plaintiff here can not maintain an action against her husband, she may do so against his employer on the theory of respondeat superior. This question, and similar contentions, have been urged in several other jurisdictions, although it is one of first impression in this State; and, while the authorities of other States show a diversity of opinion on the subject, the more widely adopted and, as we conceive, more well-considered view, is that such a relationship represents a disability of coverture personal to the husband, and does not enter into the relationship of master and servant or the law pertaining thereto, which places liability upon the master for the injury inflicted by the servant within the scope of his employment. See 131 A.L.R. 313; Broaddus *v.* Wilkenson, 281 Ky. 601 (136 S. W. 2d 1052); Hudson *v.* Gas Consumers' Assn., 123 N.J.L. 252 (8 Atl. 2d 337); Klinger *v.* Steffens, 17 N.J. Mis. R. 118 (6 Atl. 2d 217); Pittsley *v.* David 298 Mass. 552 (11 N. E. 2d 461); Miltimore *v.* Milford Motor Co. 89 N. H. 272 (197 Atl. 330); Mullally *v.* Langenberg

324

Bros. Grain Co., 339 Mo. 582 (98 S. W. 2d 645); Rosenblum *v.* Rosenblum, 231 Mo. App. 276 (96 S. W. 2d 1082); Koontz *v.* Messer, 320 Pa. 487 (181 Atl. 792); Poulin *v.* Graham, 102 Vt. 307 (147 Atl. 698); Schubert *v.* Schubert Wagon Co., 249 N. Y. 253 (164 N. E. 42, 64 A.L.R. 293); Le Sage *v.* Le Sage, 224 Wis. 57 (271 N. W. 369); Hensel *v.* Hensel Yellow Cab Co., 209 Wis. 489 (245 N. W. 159). In McLaurin *v.* McLaurin Furniture Co., 166 Miss. 180 (146 So. 877), it was held that the negligent act "remains the unlawful act of both the master and the servant; and, although the remedy is denied the wife as against her husband, the fact of that denial cannot, in logic, be available to the master for his independent and distinct liability. The tortious act of the servant is none the less unlawful, although the wife is denied a remedy in the courts therefor. In line therewith, we are therefore of the opinion that if, in a case where the tortious act of the servant is the act of the master, the master is liable proximately even though the wife may not recover from the husband, the servant. She is merely denied a remedy; this does not destroy the right of action against the master."

These cases are, by parity of reasoning, like *Stapleton* v. *Stapleton*, 85 *Ga. App.* 728 (70 S. E. 2d 156), which holds that an employer is liable to an unemancipated minor child of his employee for injuries negligently caused by the employee while within the scope of his employment, and that this is so regardless of the fact that the child would be barred from a suit against the parent for the same negligent act, since there is no law and no public policy which would exempt the employer from such action.

Accordingly, the petition stated a cause of action, and the trial court properly overruled the general demurrer.

█ In her cross-bill of exceptions, the plaintiff assigns error on the ruling of the court sustaining a special demurrer to various items of expense relating to the injury, such as dental, medical, and nursing bills and hospital expenses, on the ground that these are properly obligations of the husband for which the wife cannot recover. In this regard, the amended petition alleged as follows: "The damages itemized and sued for in the fifth paragraph of her petition are obligations which plaintiff is legally bound to pay, she having contracted for said services, which

were her own original undertaking, upon her part, which obligations she assumed upon her own responsibility." These expenses are necessaries, which the husband is bound to furnish as a part of the support and maintenance of his wife, and there is a rebuttable presumption, when she obtains such services, that she does so upon the credit of her husband. Code § 53-510. However, a woman is not, by virtue of her marriage relationship, under a disability to contract, and the rule is that, where there is clear and unequivocal evidence that she entered into a contract, even though it be for necessaries, by pledging her own credit exclusively, she, and not the husband, will be liable for the resulting debt. *Bell* v. *Rossignol,* 143 *Ga.* 150 (84 S. E. 542); *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711); *Manley* v. *Chamberlin-Johnson-DuBose Co.,* 41 *Ga. App.* 31 (151 S. E. 676); *Garrard* v. *McCaskill,* 83 *Ga. App.* 572 (64 S. E. 2d 210). The allegations of the petition here were sufficient to pose a jury question as to whether the services were received by the wife under an express agreement that she would be solely liable therefor, in such way as to relieve the husband from any liability for payment of these debts; and, if so, she would be entitled to recover these items of damage to the same extent as the other items of damage alleged. The trial court therefore erred in sustaining the special demurrer to this part of the petition.

*Judgment affirmed in case No. 34654. Judgment reversed in case No. 34655. Gardner, P. J., and Carlisle, J., concur.*