38134. NELSON v. SPALDING COUNTY et al.
38135. LAZENBY v. SPALDING COUNTY et al.
38136. LAZENBY et al. v. SPALDING COUNTY et al.

CLARKE, Justice.

These cases arise out of personal injury actions filed by each of the appellants against Spalding County, Georgia, Bobby York, Jeffrey English, Barron English and Ideal Pool Corporation. The appeals are from orders granting summary judgment to Spalding County and York in all three cases on the basis of sovereign immunity, and summary judgment to Jeffrey and Barron English based upon interspousal immunity in Case No. 38135.

The appellants were all injured in an automobile collision while passengers in a car driven by Jeffrey English and owned by Barron English. The English car was travelling west on Dutchman Road in unincorporated Spalding County and was struck in an intersection by a truck owned by Ideal Pool which was heading south into the intersection on Old McDonough Road. Both roads are county-maintained. It is undisputed that on the day of the collision a stop sign facing eastward toward vehicles travelling west on Dutchman Road (which had been in place for a number of years) was missing. The English car did not stop, proceeded through the intersection and was hit in the right side by the Ideal Pool truck causing serious and permanent injuries to the appellants.

In their respective complaints the appellants allege that the county was negligent in failing to maintain warning signs and the stop sign and that the failure to replace the sign resulted in the maintenance of a nuisance. The complaints allege negligence and misconduct by York, warden of the Spalding County Correctional Institute, in failing to carry out his responsibility of replacing the stop sign or of warning westbound travelers of the intersection. It is further contended by all appellants that driver Jeffrey English was grossly negligent and that he was driving the car with the express permission of his father Barron English, who is liable under the family purpose doctrine.

1. The appellants contend that the doctrine of sovereign immunity should not be applied to Spalding County on the grounds

that the doctrine does not have constitutional status when applied to counties, and on the ground that Code Ann. § 23-1502 is unconstitutional.[1]

Sovereign immunity for the state has long been a part of the common law in Georgia; it was a judicially created rule. See *Crowder v. Dept. of State Parks,* 228 Ga. 436 (185 SE2d 908) (1971). *Azizi v. Bd. of Regents of Univ. System of Ga.,* 233 Ga. 487 (212 SE2d 627) (1975), held that the ratification of Code Ann. § 2-3401 gave the sovereign immunity of the state constitutional status which could not be overturned by the courts. Code Ann. § 2-3401 authorizes the legislature to establish a court of claims to handle claims against the state, "its agencies or political subdivisions." It then provides "Nothing contained herein shall constitute a waiver of the immunity of the state from suit, but such sovereign immunity is expressly reserved, except to the extent of any waiver of immunity provided in this constitution and such waiver or qualification of immunity as is now or may hereafter be provided by Act of the General Assembly." Code Ann. § 2-3401.

The appellants argue that while the amendment may freeze the immunity of the state, it does not apply to counties which are political subdivisions, and therefore they contend that immunity of counties may be judicially abrogated by this court. Although the reservation of immunity clause refers only to "the state," it has been held to include state agencies. *Clark v. State of Ga.,* 240 Ga. 188 (240 SE2d 5) (1977). The companion case to *Azizi,* holding immunity is now constitutionalized, *Sheley v. Board of Public Education,* 233 Ga. 487 (212 SE2d 627) (1975), involved a suit against a political subdivision, a county board of education.

Unlike the immunity of the state which had been judicially created, the immunity of a county from suit is found in our statutory law. Code Ann. § 23-1502. Even if Code Ann. § 2-3401 were not meant to reserve immunity for counties in all cases, such immunity has the additional support of the statute. The constitutional attacks on Code Ann. § 23-1502 have been decided adversely to appellants' contentions. *Revels v. Tift County,* 235 Ga. 333 (219 SE2d 445) (1975); *Williams v. Ga. Power Co.,* 233 Ga. 517 (212 SE2d 348) (1975). Neither may the county be sued in nuisance for personal injury

[1] The additional issue of improper publication of the constitutional amendment rendering Code Ann. § 2-3401 void has been raised by amicus James T. Cook. Since the evidence and issues presented were not raised below in this case we will not decide the issues in this appeal. Those issues are being litigated in another pending case.

damages. *Miree v. United States,* 242 Ga. 126 (249 SE2d 573) (1978). Summary judgment for Spalding County was properly entered.

2. (a) It is undisputed that York, in his capacity of Warden of the Spalding County Correctional Institute has the duty of maintaining and replacing stop signs and other traffic control devices. His responsibility does not encompass policy decisions on where traffic control is needed, but he is charged with the duty of replacing signs which are missing or in disrepair, using employees and inmates of the work camp. The appellants contend that York knew or should have known in the exercise of reasonable care that the stop sign was down, and that he is liable in negligence for failure to perform a ministerial duty which is not shielded by governmental immunity.

Damage suits are maintainable in this state against government officers and agents for failure to perform ministerial duties, but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. *Hennessy v. Webb,* 245 Ga. 329 (264 SE2d 878) (1980). Where a public official is "exercising a discretionary power, the courts are not warranted in interfering unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen." *City of Atlanta v. Holliday,* 96 Ga. 546 (23 SE 509) (1895). The decision of whether acts of a public official are ministerial or discretionary is determined by the facts of the particular case. Compare *Mathis v. Nelson,* 79 Ga. App. 639 (54 SE2d 710) (1949), with *Price v. Owen,* 67 Ga. App. 58 (19 SE2d 529) (1942).

York's duty in regard to stop signs is merely to replace those that are missing or to erect new signs where others determine it is necessary. The act of replacing and repairing signs is ministerial and not discretionary in its nature. Once York is notified that a sign is missing his duty is to replace it; this duty does not involve the exercise of a discretion on his part. The performance of this duty is, therefore, a ministerial act.

The appellants contend that the sign had been missing for several days before the collision occurred. The wreck was on a Wednesday evening and affidavits submitted by residents of the area state that the sign had been down at least since Sunday. It was established that calls reporting road sign troubles are generally made either directly to the correctional institutes or to the sheriff's department which relays the information to the warden's office. York's secretary states that she received a call prior to the accident reporting the stop sign in question was down; she does not recall whether the call was on the morning of the accident or another day, but she remembers making up a work order which would be dated.

This work order is now missing.

Appellants contend that notice was given to the warden's office and possibly to York himself and that York was negligent in his failure to act in a reasonable time to replace the missing stop sign. They also contend that York was negligent in failing to check work orders coming into his office. York contends he did not have notice of the missing sign. He argues that even if his employees were negligent respondeat superior does not apply. *Mathis* states that respondeat superior will not apply to impute negligence to public officers for acts of employees, however, *Mathis* did hold that the warden could be liable for his negligent supervision of subordinates engaged in a ministerial duty. Since appellants contentions are based upon the negligent acts of York himself and factual issues are not resolved, summary judgment was not appropriate.

(b) Although the appellants argue that York failed to follow the proper procedures and was therefore negligent, they also contend York was negligent in failing to adopt more efficient procedures for ensuring that dangerous conditions are corrected. We agree with York that the decision on whether to adopt some other office procedures is left to his personal judgment and is therefore discretionary and not ministerial. Although a public official is liable for damages to those injured by his omissions in performing ministerial duties, he is only liable for errors in the exercise of discretionary duties if his acts are wilful, malicious, or corrupt. *Gray v. Linahan,* 157 Ga. App. 227 (276 SE2d 894) (1981). While the adoption of more efficient procedures may be beneficial, we do not believe that York's failure to implement different procedures amounts to such wilfullness or corruption of office. Although the issue of York's negligence in failing to replace the signs is a question to be determined by a jury, his decisions in adopting procedures should not be considered in determining his liability.

3. (a) In Case No. 38135, Sherry Lazenby is appealing the grant of summary judgment to defendants Jeffrey English and Barron English. After the collision in which she was injured and before this lawsuit was filed, Sherry Lazenby married defendant Jeffrey English. Her complaint alleges that Jeffrey English failed to exercise ordinary care and was grossly negligent in his operation of the car. It is further alleged that Jeffrey English was driving the car with the express permission of the owner, his father, Barron English. Each of them denies liability and Jeffrey English denies he was negligent.

The trial court granted summary judgment to each of these defendants on the grounds that the cause of action against them is barred by the interspousal immunity doctrine. We have recently upheld the interspousal immunity doctrine in Georgia as between

husband and wife in *Robeson v. International Indem. Co.,* 248 Ga. 306 (282 SE2d 896) (1981). Therefore, the summary judgment in favor of Jeffrey English must be affirmed.

(b) Liability is sought to be imposed upon Barron English under the family purpose doctrine. Barron English contends that the interspousal immunity doctrine would bar the suit since there is no cause of action against his son who was actually driving the car. There is no Georgia case directly on point, however, there are applicable cases involving agency. The family purpose doctrine is based on the principles of agency and master and servant. *Hirsh v. Andrews,* 81 Ga. App. 655 (59 SE2d 552) (1950); *Dillard v. Clements,* 144 Ga. App. 512 (241 SE2d 838) (1978). Under the family purpose doctrine "a liability arises under the law of principal and agent and of master and servant, and the member of the family using the automobile for the purposes for which it is kept and maintained by the head of the family becomes in legal contemplation the agent or servant of the owner." *Cohen v. Whiteman,* 75 Ga. App. 286, 290 (43 SE2d 184) (1947). In *Garnto v. Henson,* 88 Ga. App. 320 (76 SE2d 636) (1953), a woman was injured in an automobile driven by her husband. She brought suit against Garnto alleging her husband was the agent of Garnto for the purpose of driving her to Florida. The court held that even though the wife could not bring suit against her husband, the interspousal immunity was personal to him and did not relieve the master from liability. If the act were unlawful the immunity only denies the wife a remedy against her husband; it does not extinguish her cause of action. *Stapleton v. Stapleton,* 85 Ga. App. 728 (70 SE2d 156) (1952), held that a child could sue the mother's employer in negligence for injuries sustained in a car driven by the mother in the course of her employment. These principles were more recently applied in *Bradley v. Tenneco Oil Co.,* 146 Ga. App. 161 (245 SE2d 862) (1978).

Appellee contends this case is controlled by *Maddox v. Queen,* 150 Ga. App. 408 (257 SE2d 918) (1979), which held a child could not sue her mother and grandfather for injuries sustained by the alleged negligence of the mother and grandfather in operating a riding lawnmower. The court upheld a jury verdict for the defendants holding the family purpose doctrine did not apply to lawnmowers and that since the child and mother lived with the grandfather, he stood in loco parentis. This case is distinguishable on its facts as is *Eschen v. Roney,* 127 Ga. App. 719 (194 SE2d 589) (1972), which is also relied upon by Barron English. In *Eschen* a child was injured while a passenger in a car owned by his mother and driven by his sister. The court held the child could not sue the mother under the family purpose doctrine since he could not sue her directly.

In this case Sherry Lazenby is bringing suit against her

father-in-law. In-law immunity has never been adopted in Georgia and we decline to expand the doctrine of interspousal immunity to include in-law immunity. The summary judgment in favor of Barron English must therefore be reversed.

*Judgments affirmed in part; reversed in part. All the Justices concur, except Hill, P. J. and Smith, J., dissent from Divisions 1 and 2 (b); Jordan, C. J., Marshall and Weltner, JJ., dissent from Division 2 (a); Smith, J. dissents from Division 3 (a); Marshall and Weltner, JJ., dissent from Division 3 (b).*

DECIDED APRIL 29, 1982.

*James E. Butler, Jr.,* for appellants.
*Charles H. Ivy, Arlene L. Coleman,* amicus curiae.
*Dan Reinhardt, Samuel A. Murray, James R. Fortune, Jr., Robert M. Darroch,* for appellees.

HILL, Presiding Justice, dissenting.

I dissent to Division 1 for the reasons stated in my dissenting opinion in *Clark v. State of Ga.,* 240 Ga. 188, 189 (240 SE2d 5) (1977).