Maxine LOVE, Appellant,

v.

**COMMERCE BANK OF ST. LOUIS, N.A., Appellee.**

No. 94–1245.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1994.

Decided Oct. 12, 1994.

Anthony Anderson, Clayton, MO, argued, for appellant.

Kathi Chestnut, St. Louis, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Maxine Love filed suit against her former employer, Commerce Bank of St. Louis ("Commerce"), alleging discriminatory firing and slander. She appeals from the grant of summary judgment in favor of Commerce, asserting that the district court[1] improperly granted summary judgment and abused its discretion in not considering her post-judgment affidavits supporting a motion for new trial or to alter or amend the judgment. We affirm.

## I. Background

Love worked for Commerce for thirteen years as a teller and teller supervisor. For the last seven years of her employment, Love regularly used bank counterchecks to deposit funds from the account of her brother, Lorenzo Phillips, into her own account. She then used this money to take Phillips' daughter out to dinner. Commerce discovered this practice during an internal investigation at the bank. Claiming that it could not verify the existence of consent because there was no written evidence of such consent, Commerce fired Love.

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Love then filed suit against Commerce under 42 U.S.C. § 2000e.[2] She also alleged a state law slander claim based upon a bank messenger's statement to a postal employee that Love was fired for "signing someone's name to an account."

In support of her subsequent motion for new trial or to alter or amend the judgment, Love filed three affidavits: A supplemental affidavit of her own; an affidavit of Lorenzo Phillips stating that Love had permission to draw on his account and that he told Commerce of this consent shortly after her dismissal; and an affidavit of Winifred McCuller stating that Commerce had not discharged a white employee who had similarly drawn on another's account without written permission. The district court denied the motion and this appeal followed.

## II. Discussion

The district court properly struck the final paragraph of Love's initial affidavit opposing summary judgment because the allegation contained therein that the bank had not fired a white employee who had also drawn on another's account without written authorization was not based on personal knowledge or, at best, was based on inadmissible hearsay. Because Love's affidavit without this paragraph raised no genuinely disputed issue regarding the bank's employment practices, summary judgment was proper. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

Turning to the slander claim, although the messenger's statement was in essence true, Love asserts that the statement implied that she committed forgery, when in fact she was innocent of forgery because she had permission to draw on the account. Thus, citing *Hunt v. Gerlemann*, 581 S.W.2d 913, 915 (Mo.Ct.App.1979), Love asserts that the statement falsely imputed the crime of forgery to her and foreclosed any possibility of

future employment in a position similar to the one she held at Commerce.

Truth being an absolute defense to a charge of slander under Missouri law, *Henry v. Halliburton*, 690 S.W.2d 775, 780 (Mo. 1985) (en banc), the district court properly entered summary judgment in favor of Commerce on the slander claim. Love's termination stemmed from her signing Lorenzo Phillips' name to an account without proper written authorization. Accordingly, the messenger's statement to that effect cannot give rise to a claim of slander. *See Brown v. Herald Co.*, 698 F.2d 949, 951 (8th Cir.1983) (per curiam) (summary judgment in defamation claim is proper when no genuine issue is disputed).

The district court determined that Love had had sufficient opportunity to submit affidavits in response to Commerce's summary judgment motion and thus refused to consider the new evidence offered after the motion had been ruled on. Love offered no justifiable excuse for failing to oppose the motion for summary judgment with the now-offered affidavits of Phillips and McCuller. Accordingly, the district court did not abuse its discretion in refusing to alter its grant of summary judgment. *See Woods v. Michigan City*, 940 F.2d 275, 280 (7th Cir.1991); *United States v. Parcel of Land and Residence Located Thereon at 5 Bell Rock Road*, 896 F.2d 605, 611–12 (1st Cir.1990).

The judgment is affirmed.

---

2. Love does not appeal the district court's resolution of her additional 42 U.S.C. § 1981 and 13th Amendment claims.