Leann M. SCHWEITZER–
RESCHKE, Plaintiff,

v.

AVNET, INC., d/b/a Hamilton–Hall–Mark, formerly Hall–Mark Electronics Corporation, and Steve Lasswell, Defendants.

No. 93–2519–JWL.

United States District Court,
D. Kansas.

March 30, 1995.

Pantaleon Florez, Jr., Florez & Frost, P.A., Topeka, KS, for plaintiff Leann M. Schweitzer–Reschke.

Steven G. Piland, Law Offices of Daniel P. Hanson, Overland Park, KS, Ronald M. Gaswirth, T. Michele Baird, Gardere & Wynn, L.L.P., Dallas, TX, Sheryl C. Nelson, Mark W. Untersee & Associates, P.C., Kansas City, MO, for defendant Avnet Inc. dba Hamilton–Hall–Mark fka Hall–Mark Electronics Corp.

Ronald M. Gaswirth, T. Michele Baird, Gardere & Wynn, L.L.P., Dallas, TX, Sheryl C. Nelson, Mark W. Untersee & Associates, P.C., Kansas City, MO, for defendant Steve Lasswell.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On January 6, 1995, this court granted summary judgment in favor of the defendants in this action and held that plaintiff had not met her burden to show that a genuine issue of material fact existed as to her claims of hostile work environment sexual harassment, constructive discharge and negligent infliction of emotional distress. With respect to her hostile work environment sexual harassment claim, the court specifically found that plaintiff had not produced sufficient evidence from which a reasonable juror could conclude that the workplace in which plaintiff functioned was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive working environment. *See Harris v. Forklift Systems, Inc.*, — U.S. —, —, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). Plaintiff now moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment (Doc. # 35) on the grounds that the court failed to properly consider two affidavits she submitted in opposition to defendants' motion. For the reasons set forth fully below, plaintiff's motion is denied.

■ A Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration. *Henry v. Office of Thrift Supervision*, No. 92–4272, 1993 WL 545195, at *1 (D.Kan. Dec. 28, 1993) (citing *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989), aff'd, 43 F.3d 507 (10th Cir.1994)). It allows a party to allege fundamental legal errors that require the court to reconsider an earlier decision. *Federated Mut. Ins. Co. v. Botkin Grain Co.*, 856 F.Supp. 607, 609 (D.Kan. 1994). Reconsideration is proper when there has been a manifest error of law or fact, when new evidence has been discovered or when there has been a change in the relevant law. *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate Palmolive Co.*, 847 F.Supp. 858, 860 (D.Kan.1994). A party cannot invoke Rule 59(e) to raise arguments or evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.

*See id.; Botkin Grain Co.*, 856 F.Supp. at 609. Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Henry*, 1993 WL 545195, at *1 (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990), cert. denied, — U.S. —, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993)). It is with this standard in mind that the court examines plaintiff's position that the court's ruling on her discrimination claim is in error.

■ Plaintiff directs the court to two affidavits previously submitted and evaluated in connection with defendants' summary judgment motion. Plaintiff's main contention appears to be that the court improperly ignored paragraph 10 of Ms. Corber's affidavit and paragraph 6 of Ms. Taylor's affidavit stating that defendant Lasswell was "known as" or "had the reputation of being" a "male chauvinist." Plaintiff argues that this evidence of Mr. Lasswell's reputation falls within an exception to the hearsay rule and, further, that because the reputation evidence of Mr. Lasswell's character as a chauvinist was offered, not to show action in conformity therewith, but as evidence of his intent to discriminate, the evidence was admissible pursuant to Federal Rule of Evidence 404(b).

The court agrees that testimony about reputation of a person's character among associates or in the community falls within an exception to the hearsay rule. Fed.R.Evid. 803(21). However, plaintiff has not shown that evidence of character is admissible, when made by testimony concerning reputation, to establish intent pursuant to Rule 404(b). Courts have recognized that evidence that a defendant engaged in acts of discrimination against others is admissible pursuant to Rule 404(b), not to show treatment of plaintiff in conformity with that behavior, but as evidence of a specific motive or intent to discriminate. *See* Stephen A. Saltzburg & Kenneth R. Redden, Federal Rules of Evidence Manual 204 (4th ed. 1986 & Supp.1989) (citing *Hogan v. American Tel. & Tel. Co.*, 812 F.2d 409, 410–11 (8th Cir.1987); *Miller v. Poretsky*, 595 F.2d 780, 784–85

(D.C.Cir.1978); *Dosier v. Miami Valley Broadcasting*, 656 F.2d 1295, 1300 (9th Cir. 1981)). While these cases have permitted evidence of prior acts or specific instances of conduct, they do not address the question whether reputation evidence may be used to prove intent.

Plaintiff does not cite any case authorizing the use of character evidence in the form of testimony concerning reputation to prove intent or motive to discriminate. The plain language of Rule 404(b)[1] only allows for the use of specific instances of conduct to do so. Absent controlling authority to the contrary, the court will not read into Rule 404(b), a narrow and specifically considered exception allowing for the use of evidence of specific *acts*, a channel for the admissibility of reputation evidence. That would so narrow the gap with the prohibition of character evidence to show conformity contained in Rule 404(a) that it would virtually disappear.[2] Plaintiff has not pointed to any other provision of the rules that would permit her to offer evidence of defendant's character as a "male chauvinist" to prove intent or motive to discriminate. Thus, the court's refusal to consider the affidavit testimony of Mr. Lasswell's reputation as a "male chauvinist" to prove intent to discriminate on the basis of plaintiff's sex is appropriate.

■ Ms. Corber's testimony in paragraph 10 is deficient in other respects. If it is her intent to opine that Mr. Lasswell is a "male chauvinist," it is not clear from her affidavit whether she personally observed behavior that would support such an opinion. An affidavit submitted in opposition to a motion for summary judgment "shall show affirmatively that the affiant is competent to testify as to the matters stated therein." Fed. R.Civ.Pro. 56(e). Her testimony is conclusory and fails to cite even one incident that she personally observed that could form the basis of her opinion.[3] *See H.B. Zachry Co. v. O'Brien*, 378 F.2d 423, 425 (10th Cir.1967) (conclusory statements, general denials and factual allegations not based on personal knowledge are insufficient to avoid summary judgment); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir.1992) (conclusory assertions cannot be used in affidavit on summary judgment).

Moreover, Ms. Corber left Hall–Mark Electronics months before Mr. Lasswell became plaintiff's supervisor and before any of the conduct alleged as discriminatory occurred. It is undisputed that while Ms. Corber left the company in 1990, the conduct of

1. Rule 404(b) states in pertinent part:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

2. Admission of evidence of Mr. Lasswell's reputation as a "male chauvinist" to prove intent in effect would be admitting character evidence to show conformity or propensity. In order for such evidence to demonstrate that Mr. Lasswell intentionally discriminated, it would have to be believed that he acted as a "male chauvinist" presumably would act, or in other words in conformity with his character, which of course is prohibited by Rule 404(a). The fact that he is known as a "male chauvinist" is otherwise irrelevant. Thus, plaintiff in essence asks the court to create an exception to the prohibition of the use of character evidence that is not already contained in Rule 404(a). The court will not create such an exception.

3. Ms. Corber does state the following, "Often times [Lasswell] would openly remark that men were dominant and more superior than women.

Lasswell on many occasions would disrespect and attempt to degrade Leann Reschke by telling 'dumb blond jokes'." It is impossible, however, to determine from this testimony whether Ms. Corber actually heard Mr. Lasswell remark that men were dominant or make a "dumb blond joke" or whether she simply heard from another employee or from plaintiff that he made such statements. Under the latter scenario, the testimony is hearsay that does not fall within a recognized exception. It is worth noting that plaintiff did not testify in her deposition that Mr. Lasswell made dumb blond jokes that she found degrading or that he remarked that men were dominant and superior. In order to be considered for purposes of summary judgment, an affidavit must affirmatively show that it is based on personal knowledge and contains evidence which would be admissible at trial. Fed.R.Civ.P. 56(e). With respect to the claims noted, Ms. Corber's affidavit does not do so, and to that extent may not be considered. *See Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir.1992) (court should not strike entire affidavit but should disregard only inadmissible portions).

Mr. Lasswell that is at issue could not have occurred until he became plaintiff's supervisor in July of 1991. Thus, Ms. Corber's testimony can only be based on personal knowledge gained months, or possibly as much as two years, before the alleged discriminatory conduct occurred and, even more importantly, at a time when Mr. Lasswell was plaintiff's co-worker, was not in a supervisory position, and had little contact with plaintiff. In this context, whether the assertions of Ms. Corber tend to show that Mr. Lasswell's actions towards the plaintiff were motivated by a sexually discriminatory intent is speculative at best.

■ Ms. Taylor's affidavit is similarly deficient. Like the affidavit of Ms. Corber, Ms. Taylor's affidavit is general and conclusory and does little in the way of informing the court whether she possesses the knowledge asserted, and if so, how. She fails to cite any examples of conduct that occurred in the relevant time frame to support her characterization of Mr. Lasswell. There are no examples of any behavior personally observed in working with Mr. Lasswell which would support her generalization that Mr. Lasswell treats women as subordinate. The court does not believe that these general, conclusory statements comport with the requirement of Rule 56(e) that the affiant set forth specific facts showing that there is a genuine issue for trial.

■ Finally, even if the court were to consider the testimony that Mr. Lasswell had at some point in time a reputation as a "male chauvinist," or had expressed views indicat-

ing that he felt males were superior, the court would not amend its judgment. This evidence does not address the relevant inquiry—whether the conduct to which plaintiff was subjected was so severe and pervasive that it altered the conditions of plaintiff's employment. It does not bear at all on the factors considered by the court in its previous opinion—frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with plaintiff's work performance. *See Harris,* —— U.S. at ——, 114 S.Ct. at 371. Thus, even if the court were to consider that Mr. Lasswell had such a reputation, it would still find that plaintiff had not met her burden to show that the conduct of Mr. Lasswell was sufficiently severe or pervasive to recover under Title VII.

■ The court also reaffirms its findings with respect to other paragraphs of Ms. Corber's affidavit. As the court stated in its previous order, paragraphs 7, 8, 9, 12, 13, 14, 15 and 16 of Ms. Corber's affidavit merely corroborate plaintiff's testimony. Because plaintiff's testimony was taken as true, the evidence contained in those paragraphs was merely cumulative and added nothing to the overall picture presented by plaintiff in opposition to defendant's motion.[4] In essence, the court did consider the substance of these allegations in connection with plaintiff's own recitation of the events relevant to her claims. The court's ruling provides no basis upon which to grant a motion to amend.

---

4. Although plaintiff does not attack the court's previous rulings on this basis, the court notes that Ms. Corber's affidavit could conceivably be read to indicate that some of the alleged wrongful conduct of defendant Lasswell occurred more frequently than plaintiff indicated in her deposition. Ms. Corber paints a picture of the defendant's alleged wrongful conduct with a rather broad brush and describes it in even more general terms than plaintiff does in her deposition. Ms. Corber does not specifically indicate the time, place or frequency of the alleged wrongful conduct of the defendant. Even if plaintiff expected the court to consider the affidavit of Ms. Corber as evidence that Mr. Lasswell's allegedly inappropriate behavior occurred more often than plaintiff indicated in her deposition, it would not do so. If plaintiff intended Ms. Corber's affidavit as evidence that certain statements were made more frequently than plaintiff herself testified, Ms. Corber at the very least should be required to make it clear that she has personal knowledge of specific instances of inappropriate behavior, as opposed to merely having heard about them, as well as provide a time frame for those incidents in order to create a genuine issue of material fact. Ms. Corber's affidavit is unclear in this regard. Because it is unclear, any claim that the events happened more frequently is merely colorable, and as such is insufficient to create a genuine issue of material fact. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (summary judgment may be granted where evidence in opposition to properly supported motion is merely colorable or is not significantly probative).

With regard to paragraphs 5 and 6 of Ms. Corber's affidavit, the court did not consider this evidence because Ms. Corber failed to indicate whether she has personal knowledge of the incidents described. Fed. R.Civ.P. 56(c) (affidavits must be based on personal knowledge); *Hideout Records and Distrib. v. El Jay Dee, Inc.,* 601 F.Supp. 1048, 1053 (D.Dela.1984) (affidavit must not only be made on the personal knowledge of affiant but must show on its face that the affiant possesses the knowledge asserted). The court cannot determine from her affidavit whether Ms. Corber personally witnessed the conduct or whether she simply heard about it from other employees at Hall–Mark Electronics. *See Love v. Commerce Bank of St. Louis,* 37 F.3d 1295, 1296 (8th Cir.1994) (district court properly struck paragraph of affidavit where allegation was not based on personal knowledge or at best was based on hearsay).

Moreover, even if the court considered that Mr. Lasswell viewed "pornographic" materials on one occasion, before he became plaintiff's supervisor, the court would not amend the judgment. The court has no idea what these "inappropriate" materials consisted of so it cannot determine whether they would be offensive to a reasonable person. Nor is there any evidence that plaintiff subjectively found them offensive, for she never even referred to the alleged viewing of these materials in her deposition. There is absolutely no evidence that plaintiff ever saw Mr. Lasswell viewing such materials or that he showed them to her or to any other female employee for that matter. Viewing the evidence in this context, the court would in any event find that plaintiff did not meet her burden to show that the defendant's sexual conduct had "the purpose or effect of unreasonably interfering" with her work performance or created an "intimidating, hostile or offensive working environment." *See Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993).

For all the above-mentioned reasons, it is **THEREFORE ORDERED BY THE COURT** that plaintiff's motion to amend the judgment (Doc. # 35) is denied.

**IT IS SO ORDERED.**