Henry F. BUTLER, Plaintiff,

v.

The BOEING COMPANY, Defendant.

No. Ci. A. 01–2433–KHV.

United States District Court,
D. Kansas.

Dec. 10, 2001.

Dennis E. Egan, Claudio E. Molteni, The Popham Law Firm, P.C., Kansas City, MO, Alan L. Rupe, Husch & Eppenberger, LLC, Wichita, KS, Cortland E. Berry, Cortland E. Berry Legal Clinic, Wichita, KS, for plaintiff.

Jay F. Fowler, J. Steven Massoni, Todd N. Tedesco, Boyd A. Byers, Foulston & Siefkin L.L.P., Wichita, KS, for defendant.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

Henry F. Butler brings employment discrimination and retaliation claims against The Boeing Company ("Boeing") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. as amended ("Title VII"), the Kansas Acts Against Discrimination ("KAAD"), K.S.A. § 44–1001 et seq., and the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983. On October 4, 2001, the Court sustained as uncontested defendant's motion for partial summary judgment. See Memorandum And Order (Doc. # 71). Specifically, the Court ruled that defendant was entitled to judgment on plaintiff's Title VII claims and plaintiff's KAAD claims, and that plaintiff's Section 1981 claims were limited to acts which occurred after October 21, 1997. See id. at 1–2. This matter comes before the Court on plaintiff's Motion To Reconsider And Alter Or Amend Order Granting Defendant's Motion For Partial Summary Judgment (Doc. # 75) and Motion For Relief From Judgment Or Order (Doc. # 77), both filed October 15, 2001. Pursuant to Rules 59(e) and 60(b), Fed. R. Civ. P., plaintiff urges the Court to relieve him of the partial summary judgment order For reasons stated below, the Court overrules plaintiff's motions.

### Procedural Background

Defendant filed its motion for partial summary judgment on July 6, 2001, and plaintiff's response was due July 30, 2001. See Rules 59(e) and 60(b), Fed.R.Civ.P. On August 1, 2001, two days after the response time expired, the Court entered an order which allowed plaintiff's first counsel, Claudio E. Molteni and Dennis E. Egan, to withdraw from the case. See Order (Doc. # 56). About a month later, on September 5, 2001, plaintiff's second counsel, Cortland E. Berry, entered his appearance in the case. See Entry Of Appearance (Doc. # 69).[1] On October 4, 2001, nearly a month after Mr. Berry entered his appearance, the Court sustained defendant's motion as uncontested.

### Legal Standards

A motion to alter or amend judgment under Rule 59(e) is essentially a motion for reconsideration. See *Schweitzer-Reschke v. Avnet, Inc.*, 881 F.Supp. 530, 532 (D.Kan.1995). The Court has discretion whether to grant or deny a motion to reconsider. See *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir.1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See *Major v. Benton*, 647 F.2d

---

**1.** On November 27, 2001, the Court allowed Mr. Berry to withdraw and appointed Alan Rupe to represent plaintiff in the case. See Orders (Docs. # 85 and # 86).

110, 112 (10th Cir.1981); *Burnett v. W. Res., Inc.,* 929 F.Supp. 1349, 1360 (D.Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See *Voelkel v. Gen. Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991).

██ Under Rule 60(b), the Court may grant relief from a judgment or order for several reasons, including (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud, misrepresentation or other misconduct of an adverse party. Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See *Yapp v. Excel Corp.,* 186 F.3d 1222 (10th Cir.1999); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir.1990). Carelessness by a litigant does not afford a basis for relief under Rule 60(b)(1). See *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990).

### Analysis

Plaintiff urges the Court to overlook his failure to respond because (1) plaintiff's first counsel agreed with defendant to stay the response time until plaintiff found new counsel; (2) plaintiff's first counsel did not inform second counsel of the pending motion; (3) allowing a late response would not prejudice defendant; and (4) plaintiff can present facts and legal authority to show that the Court should overrule the motion on the merits. Although plaintiff does not clearly articulate the grounds for his motions, he essentially argues excusable neglect. Defendant responds that plaintiff and his counsel had sufficient information to know about the pending motion and that their carelessness does not justify setting aside the order.

██ To determine whether neglect is "excusable," the Court must consider all relevant circumstances surrounding the delay, including (1) the danger of prejudice to defendant; (2) the length of delay and its potential impact on the case; (3) the reason for the delay, including whether it was within the reasonable control of plaintiff; and (4) whether plaintiff acted in good faith. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Considering these factors, the Court finds that the circumstances surrounding plaintiff's delay do not warrant a finding of excusable neglect.

The first two factors weigh against plaintiff. Plaintiff filed this case well over a year ago, on August 14, 2000. Due to multiple changes in counsel for plaintiff, the case is still in the scheduling stage.[2] The partial summary judgment order narrows the scope of plaintiffs' claims to a two-year time frame under Section 1981. To allow additional time for plaintiff to respond to the motion-and more time for the Court to rule on the motion-would require the Court and parties to proceed with scheduling and discovery regarding a broader scope of claims. Given the substantial delays already in the case, this additional delay is not acceptable.

Regarding the third factor, the reasons which plaintiff cites for the delay-(1) that the parties agreed to stay the response time until plaintiff found new counsel, and

**2.** On November 27, 2001, the Court granted plaintiff's motion to amend the scheduling order and set a scheduling conference for January 30, 2002. See Order (Doc. # 88).

(2) that first counsel failed to inform second counsel of the pending motion-are not convincing. As an initial matter, an agreement between counsel to extend the response time on non-discovery matters is not effective without Court approval. See D. Kan. Rule 6.1(a); Rule 29, Fed.R.Civ.P. Secondly, first counsel's alleged failure to inform second counsel of the pending motion does not excuse the independent obligation of second counsel to review the Court record to learn of any outstanding motions. See Kan. Sup.Ct. Rule 1.3 (lawyer shall act with reasonable diligence and promptness). Furthermore, the time for plaintiff to respond to the motion expired before the Court allowed first counsel to withdraw from the case, and the Court did not sustain the motion until a month after second counsel had entered his appearance. Plaintiff's failure to respond clearly was within the control of both his first and second counsel. Their failure to follow Court rules is not excusable. See *CSU, L.L.C. v. Xerox Corp.*, 202 F.R.D. 275, 282 (D.Kan.2001) (attorney inadvertence, ignorance of rules or mistakes construing rules usually not excusable neglect) (citations omitted).

Finally, although the Court has no evidence of bad faith, it is not convinced that plaintiff has acted entirely in good faith. In a companion case, *Biglow v. Boeing Co.*, the Court sustained on the merits a similar motion for partial summary judgment. See Memorandum And Order (Doc. # 141) filed October 4, 2001 in Case No. 00–2370.[3] To date, plaintiff has not produced a response to defendant's motion or even intimated what the substance of his "meritorious" response would be. Whether plaintiff has legitimate arguments on the merits does not necessarily change the Court's

analysis; the Court questions plaintiff's claim that he has a meritorious response, however, when he has provided no clue as to what it is.

Based on the foregoing analysis, the Court finds that plaintiff has not shown circumstances which warrant excusable neglect.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Reconsider And Alter Or Amend Order Granting Defendant's Motion For Partial Summary Judgment (Doc. # 75) and Motion For Relief From Judgment Or Order (Doc. # 77), both filed October 15, 2001 be and hereby are **OVERRULED.**

---

**3.** The Court found that Biglow had produced evidence sufficient to create a question of fact regarding whether his Section 1981 claims should be equitably tolled. See *id.* at 10–11.

Biglow worked in a different job, however, and it appears that the facts which supported his claim for equitable tolling do not apply here.