NATIONAL INSPECTION & REPAIRS, INC., Plaintiff,

v.

GEORGE S. MAY INTERNATIONAL COMPANY, and William Doane, Defendants.

No. 01–2489–JAR.

United States District Court, D. Kansas.

June 10, 2002.

Dan E. Turner, Turner & Turner Law Firm, Topeka, KS, for plaintiff.

---

Michael J. Abrams, Blaine C. Kimrey, Lathrop & Gage L.C., Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO REMAND AND ORDER GRANTING TRANSFER

ROBINSON, District Judge.

On May 15, 2002, Plaintiff National Inspection & Repairs, Inc. filed a motion to reconsider the Court's May 2, 2002 Memorandum and Order Denying Plaintiff's Motion to Remand and Granting Defendant's Motion to Transfer, which transferred this case to the United States District Court for the Northern District of Illinois. For the reasons stated below, the Court denies the Motion to Reconsider.

 As the Tenth Circuit noted in *Hawkins v. Evans*,[1] the Federal Rules of Civil Procedure do not recognize a motion to reconsider, so such motions are construed as a Rule 59(e) motion to alter or amend, if the motion is filed within ten days of the entry of judgment; but if the motion is filed more than ten days after entry of judgment, it is construed as a Rule 60(b) motion for relief from judgment. In this Court, D. Kan. Rule 7.3 requires that motions seeking reconsideration of dispositive orders or judgments be filed pursuant to Fed.R.Civ.P. 59(e) or 60.

 Under Fed.R.Civ.P. 59(e), the court may alter or amend an order or judgment, on one of three recognized grounds: an intervening change in controlling law, availability of new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice.[2] Plaintiff's motion is based on none of these grounds. Instead, Plaintiff merely raised two arguments the Court previously addressed. The Court previously rejected Plaintiff's argument that because defendant Doane was in default, the Court need not consider any evidence concerning the effect his presence had on the complete diversity of parties. And, Plaintiff's argument that the Court should ignore the evidence that Doane was a resident of Missouri because removal statutes are to be liberally construed, is an argument that is neither new nor compelling. A motion under Rule 59(e) does not provide the movant a second opportunity to restate, clarify, improve, or rehash arguments that previously failed.[3]

Plaintiff having failed to raise or show any of the recognized grounds for relief,

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

---

1.  64 F.3d 543, 546 (10th Cir.1995).

2.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000); *Butler v. Boeing Co.*, 175 F.Supp.2d 1307, 1308–1309 (D.Kan.2001) (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981); *Burnett v. W. Res., Inc.*, 929 F.Supp. 1349, 1360 (D.Kan.1996)). *See also* D. Kan. R. 7.3(b).

3.  *See Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991)).