**Lamoni K. RIORDAN, Plaintiff,**

v.

**CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS d/b/a Church of Jesus Christ of Latter–Day Saints, Defendant.**

**No. 02–0296–CV–2–ODS.**

United States District Court, W.D. Missouri, Western Division.

Jan. 16, 2003.

Victor A. Bergman, Shamberg, Johnson & Bergman, Kansas City, MO, Anne E. Post, Post Law Firm, LLC, Kansas City, MO, for plaintiff.

Robert Bruce Best, Jr., Joseph H. Knittig, Husch & Eppenberger, LLC, Kansas City, MO, for defendant.

*ORDER (1) DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERTS DISCLOSURES; AND (3) AMENDING THE SCHEDULING AND TRIAL ORDER*

SMITH, District Judge.

Pending are Defendant's motion for summary judgment (Doc. # 36) and Defendant's motion to strike two of Plaintiff's expert disclosures (Doc. # 40). For the following reasons, Defendant's motion for summary judgment is denied in part and granted in part, and Defendant's motion to strike two of Plaintiff's expert disclosures is denied.

## I. BACKGROUND

Plaintiff Lamoni Riordan's claims arise out of an accident that occurred on April

13, 1985, on property owned by the Corporation of the Presiding Bishop of the Church of Latter–Day Saints ("CPB"). Plaintiff, who was five years old at the time, was injured by a riding lawnmower operated by his father, Ken Riordan, who was employed by CPB. As a result of the incident, Plaintiff's right foot was amputated. Plaintiff filed suit against CPB on February 15, 2002, in the Circuit Court of Jackson County, Missouri, and CPB removed the case to this Court. Plaintiff alleges that (1) under the doctrine of respondeat superior, CPB is liable for the negligent acts of its employee; and (2) CPB negligently maintained the lawnmower.

Defendant filed its motion for summary judgment on November 27, 2002, arguing that Plaintiff's respondeat superior claim was barred by parental immunity[1], and Plaintiff's negligent maintenance claim fails as a matter of law. On December 18, 2002, Defendant filed its Motion to Strike Two of Plaintiff's Expert Disclosures due to Plaintiff's failure to comply with the disclosure requirements set forth in Rule 26(a) of the Federal Rules of Civil Procedure.

## II. MOTION FOR SUMMARY JUDGMENT

### A. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis,* 783 F.2d 114, 115 (8th Cir.1986). "[W]hile the materiality determination rests on the substantive law, it is the sub-

stantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Get Away Club, Inc. v. Coleman,* 969 F.2d 664 (8th Cir.1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588–89, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir.1984), *cert. denied,* 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the ... pleadings, but ... by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

### B. DISCUSSION

#### 1. *Respondeat Superior Claim*

Defendant argues that Plaintiff's respondeat superior claim is barred by the doctrine of parental immunity; therefore, CPB may not be held liable for the actions of its employee because its employee's parental immunity precludes Plaintiff from bringing a claim against both his father and CPB. Defendant also advances that it is protected by parental immunity against Plaintiff's claim that Defendant provided an unsafe lawnmower because this alleged conduct is "inseparably linked" to the employee's negligent conduct. The parties and the Court find that there is a split

---

1. Parental immunity was abrogated by the Missouri Supreme Court in 1991; however, the case arises from an incident that occurred in 1985, when parental immunity was recognized by Missouri courts. *Hartman v. Hart-* *man,* 821 S.W.2d 852, 858 (Mo. banc 1991). The parties have stipulated that parental immunity bars any claims Plaintiff may have against his father arising out of the incident.

among the states on this issue; some states permit a respondeat superior claim when an employee is entitled to immunity[2] and other states do not.[3] No recorded Missouri cases address whether a child can bring a suit against a parent's employer based upon the doctrine of respondeat superior. However, the Missouri courts have addressed the relationship between official and spousal immunity and the doctrine of respondeat superior.[4]

"[O]fficial immunity insulates state employees from suit in their individual capacities when liability arises from discretionary acts or omissions of a state employee." *Betts–Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo.App.2002) (citations omitted). "The doctrine of official immunity recognizes that 'society's compelling interest in vigorous and effective administration of public affairs requires that the law protect those individuals who, in the face of imperfect information and limited resources, must daily exercise their best judgment in conducting the public's business.'" *Green v. Lebanon R–III School Dist.*, 13 S.W.3d 278, 284 (Mo.banc 2000) (quoting *Kanagawa v. Missouri ex rel. Freeman*, 685 S.W.2d 831, 836 (Mo. banc 1985)). Whether an employee is entitled to official immunity solely depends on the nature of his or her actions. *Kanagawa v. Missouri ex rel. Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985). A public official will not be liable to the public for negligence that is directly related to the performance of discretionary duties; however, a public official may be held liable when performing purely ministerial duties. *Green*, 13 S.W.3d at 284 (citations omitted). Whether a duty is discretionary or ministerial depends upon the facts of the case and the weighing of such factors as the nature of the duty and the extent to which the duty involves policymaking or the exercise of professional judgment. *Harris v. Munoz*, 43 S.W.3d 384, 387 (Mo.App.2001) (citations omitted). Unlike parental or spousal immunity, official immunity does not depend upon the relationship between the parties but solely rests on the type of action or duty performed.

The Missouri Courts of Appeals have specifically addressed whether an individual can maintain a cause of action against a public employee's employer when that employee is entitled to official immunity. The courts have held that when a state employee is entitled to official immunity, the plaintiff is barred from bringing a cause of action based on respondeat superior against the employer. *See e.g., State ex rel. Conway v. Dowd*, 922 S.W.2d 461, 463 (Mo.App.1996); *Peoples v. Conway*, 897 S.W.2d 206 (Mo.App.1995).

However, the Missouri Supreme Court has held that when a husband is entitled to spousal immunity, his wife is *not* barred from bringing a cause of action against her husband's employer. *Mullally v. Langenberg Bros. Grain Co.*, 339 Mo. 582, 98 S.W.2d 645, 646 (1936) (quoting *Schubert v. August Schubert Wagon Co.*, 249 N.Y. 253, 164 N.E. 42 (1928)). Specifically, the

---

2. *See e.g., Alvarez v. New Haven Register, Inc.*, 249 Conn. 709, 735 A.2d 306, 319–20 (1999); *Hooper v. Clements Food Co.*, 694 P.2d 943, 944 (Okla.1985); *Farley v. M.M. Cattle Co.*, 529 S.W.2d 751 (Tex.1975); *Mi–Lady Cleaners v. McDaniel*, 235 Ala. 469, 179 So. 908, 911 (1938).

3. *See e.g., Carr v. Carr*, 726 S.W.2d 932, 933 (Tenn.App.1986) (holding that parental immunity of employee precluded the child from

bringing an action against the employer); *Myers v. Tranquility Irr. Dist.*, 26 Cal.App.2d 385, 79 P.2d 419, 421 (1938).

4. In support of its argument, Defendant cites several Missouri cases that pertain to the exoneration of an employee and the subsequent exoneration of his employer under the doctrine of respondeat superior. Because the employee in this case has not been exonerated, the Court will not address those cases.

Court stated, "[a] trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act, though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity." *Id.; see also Jones v. Kinney*, 113 F.Supp. 923, 925–26 (W.D.Mo.1953) (recognizing the similarities between Kansas and Missouri law and, in dicta, observing that under Missouri law, a wife was entitled to maintain an action against her husband's employer notwithstanding spousal immunity).

In its opinion abrogating parental immunity, the Missouri Supreme Court recognized the similarity between parental immunity and spousal immunity. *Hartman v. Hartman*, 821 S.W.2d 852, 855 (Mo. banc 1991) (stating that parental immunity can be analogized to spousal immunity in that both are designed to preserve family harmony). Like the majority of jurisdictions, Missouri premised its adoption of parental immunity on "the belief that allowing children to sue their parents would disturb the unity and harmony of the family." *Id.* at 854 n. 1. Protecting family harmony was also one of the bases for the doctrine of spousal immunity.[5] Additionally, both spousal and parental immunity are based on the relationship between the parties. Conversely, whether a person is entitled to official immunity depends on the type of conduct.

■ The Court finds that the similarities between spousal and parental immunity are indicative of how the Missouri Supreme Court would approach a case under like circumstances. In view of the foregoing analysis and Missouri case law, that court would hold that the child of an employee can maintain a cause of action against his parent's employer under the doctrine of respondeat superior even though the parent is immune from being sued by his or her child. Additionally, the Court finds that the doctrine of parental immunity does not shield Defendant from liability for Plaintiff's negligent maintenance claim. Therefore, Defendant's motion for summary judgment is denied with regards to Plaintiff's claim of negligence under the doctrine of respondeat superior.

### 2. Negligent Maintenance Claim

■ In order to overcome summary judgment in a negligence case, a plaintiff must establish: (1) the defendant owed a duty of care to the plaintiff; (2) the failure by a defendant to perform that duty; (3) the breach of duty was the cause in fact and proximate cause of plaintiff's injuries; and (4) the plaintiff suffered damages. *Heffernan v. Reinhold*, 73 S.W.3d 659, 664 (Mo.App.2002) (citing *Finocchio v. Mahler*, 37 S.W.3d 300, 302 (Mo.App.2000)). The parties have not disputed that Defendant owed a duty of care to Plaintiff.

■ The evidence proffered by Plaintiff to support Defendant's alleged breach of duty is insufficient. Plaintiff cannot survive a motion for summary judgment unless he is able to "substantiate his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Habib v. NationsBank*, 279 F.3d 563, 567 (8th Cir.2001) (citing *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir.1995)). The person who maintained the lawnmower at the time of the incident, Marvin Manthe, has since passed away, and there is no testimony from him or records indicating what he did or did not do to maintain the lawnmower. Plaintiff's father stated that he thought something was broken but he was

---

5. Spousal immunity was abrogated by the Missouri Supreme Court in 1986. *S.A.V. v. K.G.V.*, 708 S.W.2d 651, 653 (Mo. banc 1986); *Townsend v. Townsend*, 708 S.W.2d 646, 650 (Mo. banc 1986).

not sure what exactly was broken. Ken Riordan Dep. 122:16–24. Plaintiff's father also testified that he was unsure what he had told Manthe about the lawnmower's braking and shifting capabilities. *Id.* at 124:7–24. In fact, Plaintiff's father speculated that he "maybe" told him the brakes did not work well. *Id.* at 124:15–20. Additionally, Plaintiff proffers the deposition of Dorothy Tetzner, who was also a custodian who worked for Defendant at the time of the incident, and Tetzner testified that Manthe kept the lawnmower in "good repair." Tetzner Dep. 85:2–12. Plaintiff also submits letters that his father wrote to Brother Earl Lelegren in March 1994 and to the Defendant's Risk Management Division in December 1997, and a transcript of a 1998 conversation between Dorothy Tetzner and a private investigator with another law firm. These documents are, of course inadmissible hearsay, which cannot be considered. *See Love v. Commerce Bank of St. Louis, N.A.,* 37 F.3d 1295, 1296 (8th Cir.1994). With only speculation and inadmissible hearsay, Plaintiff cannot survive summary judgment. The Court finds that Defendant breached no duty owed to Plaintiff.

▮▮▮▮▮ Even if Plaintiff could establish that Defendant breached its duty, Plaintiff is unable to prove causation in fact. "A defendant's conduct is the cause in fact of a plaintiff's injuries where the injuries would not have occurred 'but for' that conduct." *Heffernan,* 73 S.W.3d at 664 (citations omitted). Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has not established that he would not have been injured "but for" the allegedly unsafe condition of the lawnmower. The only witness to the incident besides Plaintiff, who

was five years old at the time, was his father, Ken Riordan. During his deposition, Plaintiff's father testified that he thought he tried to down-shift and/or stop the lawnmower. However, Plaintiff's father further testified that he was unsure if the lawnmower had a brake, he was unsure what he saw behind him except that he saw a "blur," he was unsure as to whether the lawnmower hit Plaintiff or Plaintiff fell, and he was unsure about who was watching Plaintiff. Ken Riordan Dep. 46:12–20, 46:25—47:18, 59:5—60:4, 81:22—84:11. When asked specifically what happened on April 13, 1985, Plaintiff's father testified on several occasions that he did not know exactly what happened or guessed as to what may have happened. *See e.g.,* Ken Riordan Dep. 81:22—84:11.[6]

Plaintiff also proffered the affidavit of Pearl Riordan, Plaintiff's mother and Ken Riordan's wife, who was not a witness to the accident but recounts what her husband told her at the hospital. Mrs. Riordan was not a witness to the incident and does not have personal knowledge as to what occurred. In the absence of personal knowledge, Mrs. Riordan's affidavit is hearsay, which this Court cannot consider. *Love v. Commerce Bank of St. Louis, N.A.,* 37 F.3d 1295, 1296 (8th Cir.1994). Similarly, the Court cannot consider the letters written by Plaintiff's father to Earl Lelegren in March 1994 and to the Defendant's Risk Management Division in December 1997, which inconsistently articulate what happened on the day of the incident. The letters are inadmissible hearsay, which the Court cannot consider. *Id.* With only the testimony of Plaintiff's father, Plaintiff cannot establish that the allegedly unsafe condition of the lawnmower was the cause in fact of his injury.

---

6. In his affidavit, Plaintiff's father testifies that he saw his son running toward him so he attempted to brake and tried to shift several times and tried to stop the lawnmower, but the lawnmower continued moving in reverse and hit and knocked down Plaintiff. Ken Riordan Aff. ¶¶ 7–11.

Because Plaintiff is unable to establish causation in fact, it is unnecessary to determine if Plaintiff can establish proximate cause. *Heffernan*, 73 S.W.3d 659, 664 (Mo.App.2002) (stating that proximate cause includes conduct that is causal in fact but it would be unreasonable to base liability upon that conduct because it is too far removed from the injury).

Plaintiff is unable to establish a breach of duty or cause in fact and, therefore, cannot survive a motion for summary judgment. The Court grants Defendant's motion for summary judgment with respect to Plaintiff's claim of negligent maintenance.

### III. MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES

■ In accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, a party shall disclose the identity of his expert witness, along with the expert's signed written report, which contains his opinions, data and information considered by the expert, any exhibits, the expert's qualifications and publications, compensation to be paid and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the last four years. Fed. R.Civ.P. 26(a)(2)(B). If a party fails to disclose the necessary information under Rule 26(a)(2)(B), the disclosure is to be treated as a failure to disclose, which the Court can sanction. Fed.R.Civ.P. 37(a)(3), 37(b). Further, the Scheduling and Trial order (Doc. # 11) requires that each party shall provide the other parties with an affidavit from each designated expert witness, which shall include a complete statement of all opinions to be expressed and the bases and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness, the compensation to be paid for the study or testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

■ CPB filed a motion to strike Plaintiff's expert disclosures of Dr. Janos P. Ertl and Forest R. Sexton due to Plaintiff's failure to fulfill the disclosure requirements under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The Court finds that Plaintiff has failed to fulfill the disclosure requirements under Rule 26(a)(2)(B) and the Scheduling and Trial Order.[7] This Court previously granted Plaintiff an extension of forty-five days to fulfill the disclosure requirements. Due to Plaintiff's difficulties in obtaining the required documents for his disclosures and in the interest of justice, the Court grants Plaintiff another extension of time in order to meet the requirements of Rule 26(a)(2)(B), which is set forth in Section Four. Should Plaintiff once again fail to disclose the necessary information to Defendant by the extended deadline, the Court will very likely strike Plaintiff's experts.

### IV. AMENDED SCHEDULING AND TRIAL ORDER

Due to the suspension of the parties' Scheduling and Trial Order and the Court's ruling of Defendant's motions, it is necessary to set forth an amended Scheduling and Trial Order. The following

---

**7.** Plaintiff argues that Dr. Janos P. Ertl and Forest R. Sexton should be considered treating physicians. These individuals did not treat Plaintiff at the time of the accident, they were retained by Plaintiff after retaining counsel in this matter, they were not listed as treating physicians in Plaintiff's mandatory initial disclosures, and Plaintiff listed these individuals as experts on his disclosures dated December 16, 2002. The Court does not consider these witnesses to be treating physicians.

deadlines are to be considered as amendments to the Scheduling and Trial Order:

(1) Plaintiff shall designate his expert witnesses he intends to call at trial and make the required disclosures on or before January 31, 2003; Defendant shall designate its expert witnesses that it intends to call at trial and make the required disclosures on or before February 28, 2003;

(2) All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before March 31, 2003, and all discovery disputes shall be raised with the Court on or before March 31, 2003;

(3) All motions to strike expert designations or preclude expert testimony premised on *Daubert* shall be filed on or before April 30, 2003;

(4) All dispositive motions shall be filed on or before April 30, 2003;

(5) A final pretrial conference will be held at 9:00 a.m. on August 15, 2003, at the United States Courthouse in Kansas City, Missouri;

(6) The case is scheduled for a jury trial on the Court's accelerated docket and will commence at 8 a.m. on October 6, 2003, at the United States Courthouse in Kansas City, Missouri.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment based on Plaintiff's respondeat superior claim is denied, and Defendant's motion for summary judgment based on negligent maintenance is granted. Defendant's motion to strike Plaintiff's expert is denied, and the Scheduling and Trial Order is amended as stated above.

IT IS SO ORDERED.